
**Maughan Law Group LC**
445 N. Waco
Wichita, Kansas 67202
Tel: 316.264.2023
Fax: 316.221.1091

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| Steven P. Miller | } | |
| | } | |
| Plaintiff, | } | |
| v. | } | No. |
| | } | |
| Federal Bureau of Investigations, | } | (Verified Complaint For Injunctive |
| | } | and Declaratory Relief) |
| Defendant. | } | |

**VERIFIED COMPLAINT AND PETITION FOR INJUNCTIVE AND DECLARATORY RELIEF**

COMES NOW the Plaintiff, Steven P. Miller, by and through his attorney, Carl F.A. Maughan of Maughan Law Group LC and for his Petition against the defendant states as follows:

**INTRODUCTION**

1. This is a civil action for declaratory and injunctive relief arising under the Second and Fourteenth Amendments to the Constitution of the United States. It concerns

the constitutionality of the inclusion of the Petitioner on the National Instant Criminal Background Check System (NICS) as a denied person and the resultant infringement upon Petitioner's right to keep and bear arms.

2. Plaintiff had attempted to purchase a firearm from a licensed firearms dealer and had submitted to a background check using the NICS index. Mr. Miller had been denied the opportunity to purchase and receive the firearm based upon information contained in the NICS index.

3. Plaintiff appealed the denial and received a response from the NICS Appeals Team which indicated that Plaintiff had initially been denied based upon a report of a felony conviction. The Appeals team response went on to note that after further review this issued had been resolved, but that an additional prohibiting factor was discovered. Specifically, a Municipal Court Domestic violence battery conviction and, as such, Plaintiff has been flagged in the NICS Index as being prohibited from possessing a firearm pursuant to 18 USC 922(g)(9) due to a misdemeanor conviction out of Wichita Municipal Court for Domestic battery in 1998, and a "Deny" response had been generated hindering his ability to purchase a firearm.

4. A Municipal Court Conviction for Domestic battery does not trigger a prohibition pursuant to 18 USC 922 (g)(9) See *United States v. Pauler* 857 F. 3d 1073 (2017).

5. The Deny response generated by NICS incorrectly identified Mr. Miller as a prohibited person and prevented him from exercising his tight to keep and bear arms under the Second Amendment to the United States Constitution.

## JURISDICTION AND VENUE.

6. This action arises under Section 1 of the Civil Rights Act of 1871, 17 Stat. 13, 42 U.S.C.§ 1983, and the Second and Fourteenth Amendments to the Constitution of the United States.

7. The jurisdiction of this Court over the claims arising under 42 U.S.C. § 1983 is founded upon 28 U.S.C. § 1343(a). The jurisdiction over the claims arising under the second and Fourteenth Amendments is founded upon 28 U.S.C. §§ 1331 and 1343(a).

8. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

9. Plaintiff, Steven Miller is an individual and resident of Kansas, he lives in Wichita, Kansas in Sedgwick County.

10. Defendant is an Agency of the Federal Government of the United States of America. The Defendant Created, Maintains and Administers the NICS index.

## FACTS

11. The NICS Index contains information provided by local, state, tribal and federal agencies regarding persons prohibited from receiving or possessing firearms.

12. A valid match to the NICS Index based upon descriptive information results in an immediate denial of a citizen's ability to take possession of a firearm from a Licensed Firearms Dealer.

13. The NICS Index is supported by Federal Statutes including the Gun Control Act of 1968, the Brady Handgun Violence Prevention Act of 1993, and The NICS Improvement Amendment Act of 2007.

14. The NICS Index Prohibiting Categories are intended to mirror the federal firearm prohibitions found in 18 U.S.C. 922 (g).

15. The NICS Index includes a prohibiting category for those who have been convicted of Misdemeanor crimes of Domestic Violence.

16. Approximately twenty years ago, Defendant was convicted of a misdemeanor Domestic Battery in case number 98 CM 9615 based upon an alleged violation of a Wichita Municipal Ordinance (currently codified in Wichita Code. Sec 5.10.025)

17. The Federal Statute prohibiting those who have been convicted of a misdemeanor Crime of Domestic violence provides: "It shall be unlawful for any person . . . who has been convicted in any court of a misdemeanor crime of domestic violence, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."  18 U.S.C. 922 (g)(9).

18. The term "misdemeanor crime of domestic violence" is defined in the pertinent statute as "a misdemeanor under Federal, State, or Tribal law" that "has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by . . . a person similarly situated to a spouse, parent, or guardian of the victim." 18 U.S.C. § 921(a)(33)(A).

19. A violation of a local municipal domestic battery ordinance does not trigger a prohibition under the federal statute.

20. The 10th Circuit Court of Appeals has specifically found that "We interpret "State" to have the same meaning in § 921(a)(33) that it has throughout the rest of §§ 921 and 922 and therefore conclude that "a misdemeanor under Federal, State, or Tribal law" does not include a violation of a municipal ordinance. In these sections, when Congress refers only to "State" law, it does not also include the laws of a state's political subdivisions." *United States v. Pauler* 857 F. 3d 1073 (2017).

21. *Pauler* has recently been applied by the Court in the District of Kansas in a case in which the court dismissed charges of criminal possession of a firearm pursuant to 18 USC 922(g)(9) see U.S. v. Allen 16-10141 (Dist. Kan..)  The court found that pursuant to *Pauler*, a Wichita Municipal Court conviction for domestic battery does not trigger the 922(g)(9) prohibition and dismissed the charge of criminal possession of a firearm.

22. Plaintiff wishes to exercise his right to possess a firearm under the second amendment to the United States Constitution and the Kansas Bill of Rights.

23. Plaintiff's conviction for misdemeanor Domestic Battery in Wichita Municipal Court (case number 98 CM 9615) does not trigger a prohibition under 18 USC 922 (g).

24. Plaintiff is not prohibited from possessing a firearm under any other valid federal or state law.

25. Plaintiff has received a Denied classification in the NICS index.

26. The Denied classification has resulted in the defendant being denied the ability to purchase a firearm.

27. The denial of the defendant's ability to purchase a firearm infringes upon the defendant's rights under the second amendment and 14th amendment of the U.S. Constitution.

28. Immediate and irreparable injury, loss, and damage has occurred and will continue to occur as a result of the enforcement of the denied classification in the NICS system.

29. Plaintiff has exhausted all extra-judicial means at his disposal to resolve this matter before proceeding to file this Complaint.

30. Plaintiff has no adequate remedy at law and is therefore seeking injunctive and declaratory relief from this honorable court

## COUNT 1

1. Plaintiff re-alleges the preceding paragraphs.

2. The NICS Index prohibition of persons convicted of misdemeanor crimes of Domestic violence based upon a violation of municipal ordinance for domestic battery is an overly broad application of 18 U.S.C. 922 (g)(9) and results in infringements upon the 2nd amendment rights of citizens who are not prohibited under 18 U.S.C. 922(g)(9).

## COUNT 2.

3. Plaintiff re-alleges the preceding paragraphs.

4. The inclusion of Mr. Miller in the NICS Index as a denied person based upon his conviction in Wichita Municipal Court in case number 98 CM 9615 for domestic battery effectively imposes an infringement upon the defendant's ability to receive a firearm from a Federally Licensed Dealer. Accordingly, it places an unconstitutional infringement upon Mr. Miler's ability to keep and bear arms in violation of the second and fourteenth amendment to the United States Constitution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this court to:

1. Declare that a violation of Wichita Municipal Code prohibiting domestic battery (Wichita Code Sc. 5.10.025). Does not constitute a misdemeanor crime of domestic violence under 18 U.S.C. 922 (g)(9).

2. Declare that the imposition of a Denied classification under NICS based upon a conviction in Wichita Municipal Court for domestic battery results in an overbroad application of 18 U.S.C. 922 (g)(9).

3. Declare that the imposition of a Denied classification under NICS based upon a conviction in Wichita Municipal Court for domestic battery imposes an unconstitutional restriction upon the second amendment rights of those convicted in Wichita Municipal Court for domestic battery.

4. Declare that Mr. Miller's conviction Wichita Municipal Court for domestic battery does not render him a prohibited person under 18 U.S.C. 922 (g)(9).

5. Prohibit, by way of permanent injunction, the Defendant, their agents, and successors from declaring that Mr. Miller is a prohibited person under 18 U.S.C. 922 (g)(9).

6. Prohibit, by way of permanent injunction, the Defendant, their agents, and successors from imposing a denied classification in the NICS Index relating to Plaintiff based upon a conviction in Wichita Municipal Court for domestic battery.

7. Grant Plaintiff's costs and attorney's fees pursuant to 42 U.S.C. § 1988 and any other applicable authority; and

8. Grant Plaintiff such other relief as may be just and equitable.

Dated May 23, 2018

Respectfully submitted,

By s/ Carl F. A. Maughan
Carl F.A. Maughan, S.C. #18447
Maughan Law Group LC
445 N. Waco
Wichita, Kansas 67202
Tel: 316.264.2023   Fax: 316.221.1091

## VERIFICATION

I SWEAR (OR AFFIRM) UNDER THE PENALTIES FOR PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING STATEMENTS MADE IN THE FOREGOING VERIFIED COMPLAINT CONCERNING ME ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND UNDERSTANDING.

Dated: May 23- 2018

_____
Steven Miller
10017 W. 20th St. N.
Wichita KS 67212

State of Kansas         )
County of Sedgwick      )

Signed before me on May 23, 2018 By Steven P. Miller.

_____
Notary

NOTARY PUBLIC - State of Kansas
AMY BAKER
My Appt Expires 4-21-2022

NOTARY PUBLIC - State of Kansas
AMY BAKER
My Appt Expires _____